RILEY, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm the trial court’s order granting the DCS’s petitions to interview the minor children as part of an assessment in response to a report of child abuse or neglect. Although the majority analyzes the merits of Mother’s claim, I would dismiss the appeal as moot.
An issue becomes moot when it is no longer live and the parties lack a legally cognizable interest in the outcome or when no effective relief can be rendered to the parties. Indiana High School Athletic Ass’n, Inc. v. Durham, 748 N.E.2d 404, 410 (Ind.Ct.App.2001). An actual controversy must exist at all stages of the appel *969 late review, and if a case becomes moot at any stage, then the case is remanded with instructions to dismiss. Id. On February 6, 2013, the trial court issued its order, compelling Mother to produce her minor children for interviews within ten days of the issuance of the order. Despite Mother’s request, the trial court refused to stay the interviews pending her appeal. In the absence of any evidence to the contrary, I must conclude that the children have been interviewed and no effective relief can be given to Mother.
Although a public interest exception to the mootness doctrine exists, it is not applicable to the instant case. The public interest exception posits that an otherwise moot case may be decided on the merits if the case involves a question of great public importance or interest that is likely to recur. Id. at 412. The instant issue is not capable of recurrence as contemplated by the public interest exception. The statutory protection of the welfare of the minor children based on the conditions in the home and on a completion of an assessment is a question of fact that varies from family to family and changes over time. See I.C. § 31-33-8-7(a). Although the question may recur in a very generalized setting, no conclusion within the authority of this court can bear on future disputes with respect to a DOS’s petition to interview the minor children because a determination of factual circumstances must be made each time a disputed interview is sought. I conclude that the case does not present an issue of great public interest and, therefore, I would dismiss the appeal as moot.